22747

The STATE, Respondent v. Dondi SMITH, Appellant.

(358 S. E. (2d) 389)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, of S. C. Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and Carolyn M. Adams, Columbia, and Sol. Dudley Saleeby, Jr., Florence, for respondent.*

Submitted May 6, 1987.

Decided July 6, 1987.

*Per Curiam:*

Appellant appeals his convictions for assault with intent to commit first degree criminal sexual conduct and robbery arguing that the trial judge erred in failing to quash the jury panel under *Batson v. Kentucky*, 476 U. S. _____, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986). We affirm.

The Court granted appellant's petition to argue against the precedence of *State v. Hawkins*, 289 S. C. 482, 347 S. E. (2d) 98 (1986), to the extent it held that *Batson* will be applied prospectively only. *State v. Hawkins* was effectively overruled on this point by *Griffith v. Kentucky*, _____ U. S. _____, 107 S. Ct. 708, 93 L. Ed. (2d) 649 (1987).

The record shows that the State exercised two of its five peremptory challenges to remove two black jurors. The

State did not exercise its other three strikes and four black jurors were seated. Appellant, who is black, moved to quash the jury panel pursuant to *Batson.* The trial judge denied the motion finding on these facts that appellant had not demonstrated a *prima facie* case of purposeful discrimination.

Under *Batson,* the trial court must examine all relevant circumstances in determining whether a defendant has shown a *prima facie* case of purposeful discrimination in the State's exercise of its peremptory strikes. *Batson* vests the discretion to determine whether such a showing has been made in the trial judge.

Appellant has not shown that the trial judge abused his discretion in finding that no *prima facie* case was shown here. *United States v. Dennis,* 804 F. (2d) 1208 (11th Cir. 1985), *modifying* 786 F. (2d) 1029 (11th Cir. 1986), *cert. denied,* _____ U. S. _____, 107 S. Ct. 1973, 95 L. Ed. (2d) (1987). Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. Accordingly, the convictions are

Affirmed.